NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITO MANENTE, <br><br>                Plaintiff, <br><br>    v. <br><br>NEW JERSEY DIVISION OF TAXATION, <br><br>                Defendant. | Civil Action No.: 23-4033 <br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant New Jersey Division of Taxation's ("NJDT" or "Defendant") motion to dismiss plaintiff Vito Manente's ("Plaintiff") complaint (ECF No. 1, "Compl."), or in the alternative, to stay this matter until parallel state court matters are resolved. ECF No. 16. Plaintiff opposed the motion (ECF No. 17, "Opp."), and NJDT replied (ECF No. 19).[1] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, Defendant's motion to dismiss is granted.

**WHEREAS** Plaintiff brought this action to recover claimed New Jersey state income tax refunds from NJDT. Compl. ¶¶ 4–7. He alleges that he properly filed a Form NJ-1040 for tax years 2019, 2020, 2021, and 2022, but that NJDT has not issued the tax refunds that he expected. *Id.* Plaintiff asserts claims under 42 U.S.C. § 1983, contending that NJDT's failure to issue such refunds has unlawfully deprived him of his property. *Id.* ¶¶ 8–9; and

---

[1] After completing the briefing on its motion, Defendant informed the Court that Plaintiff had withdrawn a pending state tax court complaint. ECF No. 21. Although that matter related to tax years not at issue in this action, the Court ordered supplemental briefing on whether Defendant's request for a stay would still be appropriate in the event the Court declined to dismiss the case. ECF No. 23. In response, Plaintiff submitted a letter, and Defendant filed a supplemental brief. ECF Nos. 25, 27. As the Court concludes that it must dismiss the case for lack of subject matter jurisdiction, it need not address the arguments concerning a stay.

Additionally, the Court notes that Plaintiff submitted two additional briefs without permission of the Court. *See* ECF Nos. 29, 32; *see also* L. Civ. R. 7.1(d)(6). Even considering these briefs, the Court would still be required to dismiss the Complaint for lack of jurisdiction.

**WHEREAS** a court must grant a motion to dismiss under Rule 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Further, when dealing with a facial 12(b)(1) challenge, like the one presented in this case, the Court looks only at the allegations in the pleadings and does so in the light most favorable to the non-moving party. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007); and

**WHEREAS** the Tax Injunction Act ("TIA") provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Additionally, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts so long as plain, adequate, and complete remedies are available in state court." *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981)) (internal quotation marks omitted); and

**WHEREAS** this Court previously dismissed Plaintiff's complaint in another action, in which Plaintiff challenged his state income tax refunds for the tax years 2014, 2015, 2016, 2017, and 2018. *See* Order, Manente v. N.J. Div. of Taxation, No. 23-22487 (D.N.J. June 20, 2025),

ECF No. 19 ("2025 Order"). Specifically, the Court found that the action was barred by the TIA. *Id.* at 2–4; and

**WHEREAS** Plaintiff argues that the TIA does not bar this lawsuit for four reasons. First, he contends that the TIA does not apply because it was enacted before the New Jersey Gross Income Tax Act. Opp. at 2. Second, he asserts that this action "does not involve the assessment, levy, or collection of state taxes" because he "paid the taxes assessed through periodic payroll deductions and direct payments to the [NJDT]." *Id.* Third, he contends that he is "not in any manner attempting to stop or hinder the enforcement of these state taxes" because he is not seeking an injunction and is instead only requesting "property that is protected under the Fifth Amendment." *Id.* at 2–3. Fourth, Plaintiff argues that he has tried to "settle previous issues with the [NJDT]" but that his lawsuit in New Jersey Tax Court "has not been 'plain, speedy, and efficient.'" *Id.* at 3.

**WHEREAS** this Court rejected these exact four arguments in its decision on the earlier tax years, *see* 2025 Order at 2–4, and Plaintiff has provided no reason to justify a different conclusion as to the more recent tax years. In fact, Plaintiff's opposition brief in this matter is substantively identical to that in the prior action. *Compare* Opp. at 2–3, *with* Brief for Plaintiff at 2–3, Manente v. N.J. Div of Taxation, No. 23-22487 (D.N.J. Dec. 27, 2023), ECF No. 9; and

**WHEREAS** the Court therefore once again concludes that Plaintiff's arguments lack merit and that the TIA bars his claims. First, the TIA does not require the applicable state tax statute to predate the enactment of the TIA. *See* 2025 Order at 3–4. Second, Plaintiff has not provided, and the Court cannot discern, any reason as to why taxes collected by payroll deductions would not constitute tax collections under the TIA. *See id.* at 4. Third, he appears to seek injunctive and declaratory relief despite his assertions to the contrary. *See* Compl. at 5 (requesting that the Court

3

(1) order that "any refund/penalties due to Plaintiff" by the NJDT be released to Plaintiff and (2) find that NJDT's tax "determinations are erroneous"). The TIA applies to claims for both injunctive and declaratory relief. *Beach Creek Marina v. Royal Tax Lien Servs., LLC*, No. 09-2649, 2010 WL 2674457, at *2 (D.N.J. June 30, 2010) (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943)). Further, the primary relief sought by Plaintiff—an order compelling the state to issue a tax refund—falls squarely within the TIA's jurisdictional bar. *See UPMC v. City of Pittsburgh*, No. 13-563, 2013 WL 5777157, at *6 (W.D. Pa. Oct. 25, 2013) (noting that the Supreme Court had found that the TIA and principles of comity barred federal actions to obtain a state tax refund (citing *Hibbs v. Winn*, 542 U.S. 88, 106, 107 n.9 (2004))). Fourth, courts in the Third Circuit have consistently held that New Jersey state courts provide a "plain, speedy, and efficient" remedy for challenges to tax assessments. *See Reagle v. Elliott*, 80 F. App'x 737, 738 (3d Cir. 2003) ("New Jersey law provides judicial process and adequate remedies through appeal to its Tax Court, and from there to the Appellate Division of its Superior Court."); *Sharifi v. E. Windsor Twp.*, No. 21-7965, 2024 WL 3755915, at *1 (D.N.J. Aug. 12, 2024) ("[T]he New Jersey forum provided Plaintiff with 'a sufficiently plain, speedy, and efficient remedy' to challenge the alleged unfair taxes levied upon her."). Accordingly, Plaintiff's argument that the TIA does not apply fails. The Court thus lacks subject matter jurisdiction under the TIA and must grant Defendant's motion to dismiss.[2]

Accordingly, for the reasons stated above, **IT IS** on this 15th day of January, 2026;

---

[2] Plaintiff also moved for this Court to take judicial notice of a 2024 Supreme Court decision addressing federal taxing power. *See* ECF No. 36 (citing *Moore v. United States*, 602 U.S. 572 (2024)). Because the Court grants Defendant's motion to dismiss, Plaintiff's motion (ECF No. 36) is denied as moot. In any event, *Moore* would have no effect on this Order because *Moore* does not concern the jurisdiction of a federal court to hear the claims raised by Plaintiff in this action.

4

**ORDERED** that Defendant's motion to dismiss (ECF No. 16) Plaintiff's Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit an amended complaint that addresses the deficiencies identified in this Order. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. See L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**